# EXHIBIT "A"

  

## COMPREHENSIVE CASE INFORMATION SYSTEM
### Brenda D. Forman, Clerk of the Circuit and County Court
### *BROWARD COUNTY*

eportaluser

Collapse All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 062022CA001375AXXXCE [CACE-22-001375] | 01/28/2022 | | BROWARD | Other - Discrimination Employment or Oth | Pending | No | Yes |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| HAIMES, DAVID ALAN | JUDGE | | |
| Cronan, Candace D | ATTORNEY | | |
| HALL, BRANDON | PLAINTIFF | HOOGERWOERD, PETER MICHAEL | 188239 |
| PARK PLUS FLORIDA, INC | DEFENDANT | CRONAN, CANDACE DIANE | 90983 |
| Hoogerwoerd, Peter | ATTORNEY | | |

### Dockets

**Page : 1**   [ ] [ ]  10 ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 8 | 04/11/2022 | Motion for Extension of Time | 3 |
| | 7 | 04/11/2022 | Notice of Filing Designation of Emailing Addresses | 2 |
| | 6 | 04/11/2022 | Notice of Appearance | 2 |
| | 5 | 01/31/2022 | Clerk's Certificate of Compliance W-2020-73CIV/2020-74+UFC NONE | 1 |
| | 4 | 01/28/2022 | eSummons Issuance | 1 |
| | 3 | 01/28/2022 | Complaint (eFiled) | 10 |
| | 2 | 01/28/2022 | Civil Cover Sheet | 3 |
| | 1 | 01/28/2022 | Per AOSC20-23 Amd12, Case is determined General | |

### Judge Assignment History

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| No records found. | | | |

### Court Events

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

### Financial Summary

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $411.00 | Paid to Date: $411.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | | |
|---|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| 0 | $411.00 | $411.00 | $0.00 | $0.00 | - |

This information reflects the financial obligations shown on the Florida Comprehensive Case Information System (CCIS) for THIS CASE ONLY. For the current balances of your financial obligations, you should contact the Clerk of the Court in the county where the financial obligation was imposed. Nothing in CCIS alters any financial obligation imposed by a court.

### Reopen History

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Brandon Hall</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>PARK PLUS FLORIDA, INC.</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR     BROWARD     COUNTY,
FLORIDA.

Case No.:_____

BRANDON HALL,

      Plaintiff,

vs.

PARK PLUS FLORIDA, INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

## COMPLAINT

    COMES NOW Plaintiff, BRANDON HALL ("Plaintiff"), by and through the
undersigned counsel, hereby files this Complaint against Defendant, PARK PLUS FLORIDA,
INC. ("Defendant"), and alleges as follows:

1. This is an action for damages exceeding $30,000 excluding attorneys' fees and costs
   resulting from Defendant's violations of the Families First Coronavirus Response Act, 29
   C.F.R. § 826 *et seq*. (2020) ("FFCRA"), the Fair Labor Standards Act, 29 U.S.C. § 201 *et
   seq*. ("FLSA") and retaliation.

2. This Court has jurisdiction over Plaintiff's FFCRA claims pursuant to 29 U.S.C. §§ 216
   and 217.

3. Plaintiff is a resident of Charlotte, North Carolina.

4. Defendant at all times material hereto, carried on a business venture in Broward County
   Florida, and was engaged in substantial activity affecting commerce within Florida and
   Broward County.

5.  Venue is proper in Broward County, Florida because all of the acts or omissions forming the basis of this Complaint occurred in whole or in part in Broward County, Florida, within the jurisdiction of this Honorable Court.

6.  Defendant employs fewer than 500 Employees.

7.  Defendant had work available for Plaintiff at all relevant times during Plaintiff's employment with Defendant.

8.  Plaintiff was employed for at least thirty (30) calendar days by Defendant and was on Defendant's payroll for thirty (30) or more days immediately prior to the day Plaintiff's leave would have commenced.

9.  Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent to bringing this action have occurred, been performed, or been excused.

11. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACT COMMON TO ALL COUNTS

12. Plaintiff was employed by Defendant on or about December 2019 until he was terminated on November 21, 2020.

13. At all times relevant hereto, Plaintiff was employed by Defendant as a Director of Operations whose job duties included, but were not limited to, running operations, managing orders, and engineering.

14. Plaintiff had an employment agreement with Defendant, which stated that Plaintiff is supposed to receive an amount of compensation derived from his commissions on contracted change orders.

15. Plaintiff complained to defendant throughout his employment due to the failure to pay him for his commissions on contracted change orders. Despite Plaintiff's complaints regarding his nonpayment, Plaintiff did not receive proper compensation from his commissions.

16. Also, Plaintiff's agreement with Defendant stated the basis of termination could be with or without case. However, if termination was without cause, then the employer is required to give the terminated individual two-week's notice.

17. When much of the country was shut down because of COVID-19, Defendant asked Plaintiff to take his Paid Time Off (PTO) in lieu of working.

18. Plaintiff agreed to Defendant's request to take his PTO; however, Defendant threatened Plaintiff that Plaintiff would lose his job if he did not work and answer all his emails during what was supposed to be PTO.

19. Plaintiff was not properly paid for the hours he was made to work while still on PTO, nor was he permitted to recoup any of his accrued PTO expended during this time.

20. On or about October 23, 2020, during the time Plaintiff was working from home, Plaintiff tested positive for COVID-19. Plaintiff notified Defendant about his positive test result and informed him that he would have to quarantine during this time.

21. Defendant changed Plaintiff's PTO hours during the time he was not working due to having COVID-19, doing so without Plaintiff's approval.

22. Plaintiff complained about having his PTO used for the time he was out of work with COVID-19 instead of providing him with paid sick leave afforded employees under the FFCRA. Defendant did not respond to Plaintiff's complaints.

23. Plaintiff returned to work on or about November 15, 2020; however, Defendant terminated Plaintiff shortly thereafter, on or about November 21, 2020.

24. Defendant informed Plaintiff that the alleged reason for his termination was that the company wanted to "go in a different direction."

25. Plaintiff was not granted the two-week notice promised in his employment agreement for a termination without cause.

26. Plaintiff's work prior to discharge was satisfactory or more than satisfactory.

27. Plaintiff was discharged by Defendant in retaliation for having taken sick leave due to testing positive for COVID-19.

## COUNT I
### *Interference with Rights under the FFCRA*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

29. Plaintiff is an employee within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

30. Plaintiff is an individual entitled to paid leave under the FFCRA, 29 C.F.R. § 826.20 (2020).

31. Defendant is an employer within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

32. Defendant is an employer obligated to provide paid leave under the FFCRA, 29 C.F.R. § 826.40 (2020).

33. Defendant's actions interfered with Plaintiff's lawful exercise of his FFCRA rights, constituting violations of the FFCRA, 29 C.F.R. §§ 826.150 - 826.151 (2020).

4

34. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Award Plaintiff actual damages in the amount shown to be due for unpaid leave, with interest; and

   b. Award Plaintiff an equal amount in double damages/liquidated damages; and

   c. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   d. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
*Retaliation under the FFCRA*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

36. Plaintiff is an employee within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

37. Plaintiff is an individual entitled to paid leave under the FFCRA, 29 C.F.R. § 826.20 (2020).

38. Defendant is an employer within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

39. Defendant is an employer obligated to provide paid leave under the FFCRA, 29 C.F.R. § 826.40 (2020).

40. Defendant's actions interfered with Plaintiff's lawful exercise of his FFCRA rights, constituting violations of the FFCRA, 29 C.F.R. §§ 826.150 - 826.151 (2020).

41. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Award Plaintiff actual damages in the amount shown to be due for unpaid leave, with interest; and

b. Award Plaintiff an equal amount in double damages/liquidated damages; and

c. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

d. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Breach of Agreement

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

43. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff from his commissions on contracted change orders for services provided and performed under their agreement, and by not properly providing Plaintiff with two-weeks' notice prior to a termination without cause, per their agreement.

44. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT IV
### Wage & Hour Federal Statutory Violation

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this Complaint as if set out in full herein.

46. This action is brought by Plaintiff to recover from Defendant unpaid commissions, wages and/or overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 206.

47. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

48. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

49. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

50. Defendant's business activities involve those to which the Fair Labor Standards Act applies.

51. Plaintiff's work for Defendant likewise affects interstate commerce.

52. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

53. Defendant violated the FLSA by failing to compensate Plaintiff with commissions earned

54. The Defendant, by making Plaintiff take his PTO in lieu of working from home and then subsequently requiring him to work while he was on PTO without compensating him for the time worked, denied Plaintiff a benefit of employment to which he was entitled and failed to compensate him for the time he worked on PTO, or, alternatively, to permit Plaintiff to recoup his PTO hours when he was required to work.

55. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages and/or overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages. As such, Plaintiff is entitled to recover double damages.

56. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to minimum wage and/or overtime wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorneys' fees;

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and Grant Plaintiff a Trial by Jury.

## COUNT V
### *FLSA Retaliation*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

58. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

59. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

60. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

61. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

    c. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

    d. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

e.   Award Plaintiff the costs of this action, together with reasonable attorneys' fees;

and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

### JURY TRIAL DEMAND
Plaintiff demands a trial by jury of all issues so triable.


Dated: January 28, 2022                          Respectfully submitted,

                                                 */s/:Peter M. Hoogerwoerd*
                                                 Peter M. Hoogerwoerd, Esq.
                                                 Fla. Bar No.: 0188239
                                                 pmh@rgpattorneys.com
                                                 Cristobal Bobadilla-Gamboa
                                                 Fla. Bar. No. 113656
                                                 cbg@rgpattorneys.com
                                                 Corey L. Seldin, Esq.
                                                 Fla Bar No: 1026565
                                                 cseldin@rgpattorneys.com
                                                 *Remer & Georges-Pierre, PLLC*
                                                 44 West Flagler Street, Suite 2200
                                                 Miami, FL 33130
                                                 (305) 416-5000- Telephone
                                                 (305) 416-5005- Facsimile

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR     BROWARD     COUNTY,
FLORIDA.

**BRANDON HALL,**

      **Plaintiff,**

                                    **Case No.:**

**vs.**

**PARK PLUS FLORIDA, INC.,**
**a Foreign Profit Corporation,**

      **Defendant.**

_____/

### SUMMONS IN A CIVIL CASE

**TO: PARK PLUS FLORIDA, INC.**, through its Registered Agent:

                      TRAC - THE REGISTERED AGENT COMPANY
                      236 E.6th AVENUE
                      TALLAHASSEE, FL 32303

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                      PETER M. HOOGERWOERD, ESQ.
                      REMER & GEORGES-PIERRE, PLLC.
                      44 WEST FLAGLER STREET
                      SUITE 2200
                      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint. You must also file your answer
with the Clerk of this Court within a reasonable period of time after service.

                                    JAN 31 2022

_____        _____

CLERK                                DATE

_____

(BY) DEPUTY

**BRENDA D. FORMAN**

**IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA**

Brandon Hall
_____
Plaintiff

Case No: Cace 22-1315

Judge Division: 08

VS

Park Plus Florida, Inc
_____
Defendant



FILED
JAN 31 2022
By_____

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73Civ/2020-74-UFC:
**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO
DISMISSED CIVIL OR FAMILY CASES",**

The Clerk has conducted a search for all previous existing civil cases related to
these two parties.

Listed below are all the aforementioned related cases:

None

Brenda D. Forman
Circuit and County Courts

By: _____
Deputy Clerk

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

BRANDON HALL,

        Plaintiff,

v.

PARK PLUS FLORIDA, INC.,
a Foreign Profit Corporation,

        Defendant.

CASE NO.: CACE-22-001375 DIV. 08

---

### NOTICE OF APPEARANCE

    McGuinness & Cicero hereby appears as counsel of record for Defendant, PARK PLUS

FLORIDA, INC., and requests that the undersigned be served by all parties with all pleadings and

other papers filed with the court.

        /s/*Candace D. Cronan*
CANDACE D. CRONAN, ESQ.
Florida Bar No: 90983
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, Florida 33323
Main (954) 626-5028 / Fax (954) 838-8842
Primary E-mail:    Candace.Cronan@mc-atty.com
Secondary E-mail:    Jennifer.Colina@mc-atty.com
                  eservice@dmc-atty.com
*Attorneys for Defendant, Park Plus Florida, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 11, 2022, I electronically filed the foregoing document through the

Florida Courts E-Filing Portal and that the Portal was used as a means of service of this document

on this day by email upon:

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Cristobal Bobadilla-Gamboa, Esq.
cbg@rgpattorneys.com
Corey L. Seldin, Esq.
cseldin@rgpattorneys.com
***REMER & GEORGES-PIERRE, PLLC***
44 West Flagler Street, Suite 2200
Miami, Florida 33130
*Attorneys for Plaintiff, Brandon Hall*

By: _/s/Candace D. Cronan_____
    Candace D. Cronan, Esquire
    Florida Bar No: 90983

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

BRANDON HALL,

          Plaintiff,

v.

PARK PLUS FLORIDA, INC.,
a Foreign Profit Corporation,

          Defendant.

CASE NO.: CACE-22-001375 DIV. 08

---

**DEFENDANT'S DISCLOSURE OF STAFF COUNSEL STATUS**
**and DESIGNATION OF E-MAIL ADDRESSES**

      The lawyers and staff of McGuinness & Cicero are employees of ACE American Insurance

Company, which is a member of the Chubb Companies.

      Pursuant to Fla. R. Jud. Admin. 2.516, Defendant, PARK PLUS FLORIDA, INC., hereby

designate(s) the following e-mail addresses for service of pleadings and other papers:

Candace.Cronan@mc-atty.com
Jennifer.Colina@mc-atty.com
eservice@dmc-atty.com

                                   */s/Candace D. Cronan*
                                   CANDACE D. CRONAN, ESQ.
                                   Florida Bar No: 90983
                                   MCGUINNESS & CICERO
                                   1000 Sawgrass Corporate Parkway, Suite 590
                                   Sunrise, Florida 33323
                                   Main (954) 626-5028 / Fax (954) 838-8842
                                   Primary E-mail:     Candace.Cronan@mc-atty.com
                                   Secondary E-mail:  Jennifer.Colina@mc-atty.com
                                                           eservice@dmc-atty.com
                                   *Attorneys for Defendant, Park Plus Florida, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on April 11, 2022, I electronically filed the foregoing document through the

Florida Courts E-Filing Portal and that the Portal was used as a means of service of this document

on this day by email upon:

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Cristobal Bobadilla-Gamboa, Esq.
cbg@rgpattorneys.com
Corey L. Seldin, Esq.
cseldin@rgpattorneys.com
***REMER & GEORGES-PIERRE, PLLC***
44 West Flagler Street, Suite 2200
Miami, Florida 33130
*Attorneys for Plaintiff, Brandon Hall*

By: _/s/Candace D. Cronan_____
    Candace D. Cronan, Esquire
    Florida Bar No: 90983

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-001375

BRANDON HALL,

        Plaintiff,

v.

PARK PLUS FLORIDA, INC., a Foreign
Profit Corporation,

        Defendant.

_____/

## DEFNDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant, PARK PLUS FLORIDA, INC. ("Defendant"), by and through its undersigned counsel, moves for a fourteen (14) day extension of time to respond to Plaintiff's Complaint, and states as follows:

1.    Plaintiff filed the above-styled action on January 28, 2022 and Defendant was served with the Complaint on March 22, 2022. Accordingly, a response to the Complaint is currently due April 11, 2022.

3.    Counsel for Defendant has only recently been retained and requires additional time to adequately analyze the Complaint and formulate a response to same. As such, Defendant respectfully moves for a 14 day extension of time until April 25, 2022 to respond to the Complaint.

4.    The requested extension is not interposed for purposes of delay or harassment, but rather to afford Defendant the opportunity to complete its response, and to further the interests of justice and efficiency of judicial administration, given that there are no other current deadlines in this matter which might otherwise be affected by the instant request.

5.      Neither this honorable Court nor Plaintiff will be prejudiced by the requested brief extension given that there are no other current deadlines in the case which might otherwise be affected by the instant request.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant Defendant an extension of time through and including April 25, 2022 in which to respond to Plaintiff's Complaint.

Respectfully submitted,

*/s/*Candace D. Cronan

Candace D. Cronan, Esquire
Florida Bar No. 90983
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, Florida 33323
Main: (954) 838-8832 / Fax: (954) 838-8842
Primary E-mail:  Candace.Cronan@mc-atty.com
Secondary E-mail:  Jennifer.Colina@mc-atty.com
                   eservice@mc-atty.com
*Attorneys for Defendant, PARK PLUS FLORIDA, INC.*

## CERTIFICATE OF SERVICE

I certify that on April 11, 2022, I electronically filed the foregoing document through the

Florida Courts E-Filing Portal and that the Portal was used as a means of service of this document

on this day by email upon:


Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Cristobal Bobadilla-Gamboa, Esq.
cbg@rgpattorneys.com
Corey L. Seldin, Esq.
cseldin@rgpattorneys.com
***REMER & GEORGES-PIERRE, PLLC***
44 West Flagler Street, Suite 2200
Miami, Florida 33130
*Attorneys for Plaintiff, Brandon Hall*



By: */s/Candace D. Cronan*
       Candace D. Cronan, Esquire
       Florida Bar No: 90983