UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-60765-RS

BRANDON HALL,

    Plaintiff,

v.

PARK PLUS FLORIDA, INC.,

    Defendant.
_____/

**JOINT MOTION FOR COURT'S APPROVAL OF FLSA SETTLEMENT**

    Plaintiff, BRANDON HALL ("Plaintiff"), and Defendant, PARK PLUS FLORIDA, INC. ("Defendant") (collectively, the "Parties"), in connection with the Parties' settlement of this case, hereby jointly request that this Court approve the Parties' FLSA settlement and dismiss this case with prejudice and state as follows:

    1.    On January 28, 2022, Plaintiff filed his Complaint seeking the recovery of alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), among other causes of action. Specifically, Plaintiff alleged that he was not correctly paid the half time rate for alleged overtime hours, and Defendant disputed Plaintiff's allegations.

    2.    Defendant produced documents reflecting Plaintiff's hours worked and pay information.

    3.    The Parties have agreed to conclusively resolve this litigation under the terms set forth in the parties' Settlement Agreement in order to minimize the expenditure of costs and attorneys' fees while conclusively ending Plaintiff's litigation.

4. The Parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the inherent risk of litigation outcomes were taken into account in the parties agreeing upon the resolution memorialized in their Settlement Agreement.

5. The Parties further believe there has been sufficient investigation and exchange of information to allow counsel for the Parties to evaluate the Parties' claims and defenses and make recommendations to reach a fair and reasonable compromise resolution of this matter. The settlement agreement attached to this motion (**Exhibit "A"**), includes every term and condition of the Parties' FLSA settlement.

6. Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 U.S.C. § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the Court with a proposed settlement and the Court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus,

> when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

7. The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature.

8. The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed overtime wages. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties exchanged time and pay records and agree that they would incur substantial expense litigating these issues. Given that the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was offered, the Parties agree that the final settlement payment to Plaintiff, inclusive of all attorneys' fees and costs, is a fair compromise.

9. The attorney's fees and costs have been negotiated and will be paid separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs for representation in connection with Plaintiff's FLSA claim is fair and reasonable, and that he accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

WHEREFORE the Parties jointly and respectfully request that this Court approve the FLSA settlement between the Parties and enter a Final Order of Dismissal with Prejudice.

Respectfully submitted,

| | |
|---|---|
| By: */s/ Peter M. Hoogerwoerd* <br> Peter M. Hoogerwoerd, Esq. <br> Florida Bar No.: 188239 <br> pmh@rgpattorneys.com <br> Corey L. Seldin, Esq. <br> Florida Bar No.: 1026565 <br> cseldin@rgpattorneys.com <br> **REMER & GEORGES-PIERRE, PLLC** <br> 44 West Flagler Street, Suite 2200 <br> Miami, Florida 33130 <br> *Attorneys for Plaintiff, Brandon Hall* | By: */s/ Candace D. Cronan* <br> Candace D. Cronan, Esquire <br> Florida Bar No.: 90983 <br> Candace.Cronan@mc-atty.com <br> MCGUINNESS & CICERO <br> 1000 Sawgrass Corporate Parkway, Suite 590 <br> Sunrise, Florida 33323 <br> Main: (954) 626-5028 / Fax: (954) 838-8842 <br> *Attorneys for Defendant, Park Plus Florida,* |