## <u>FLSA SETTLEMENT AGREEMENT AND WAIVER AND RELEASE OF CLAIMS</u>

**THIS SETTLEMENT AGREEMENT AND WAIVER AND RELEASE OF CLAIMS** (hereinafter referred to as "Agreement") is entered into by and between Brandon Hall (hereinafter referred to as "Plaintiff"), on the one hand, and Park Plus Florida, LLC (hereinafter referred to as "Defendant"), on the other hand. Defendant and Plaintiff shall collectively be referred to as the "Parties". Individually, the Parties may be referred to as "Party."

**WHEREAS,** Plaintiff has alleged violations of the Families First Coronavirus Response Act, 29 C.F.R. § 826 et seq., Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter referred to as "FLSA"), and breach of agreement against Defendant in a lawsuit styled Brandon Hall v. Park Plus Florida, Inc., Case No. 22-60765-CIV-SMITH, originally filed in the Circuit Court of the 17th Judicial Circuit Court in and for Broward County, Florida, and subsequently removed to federal court in the United States District Court for the Southern District of Florida (hereinafter referred to as "Lawsuit" or "the Lawsuit");

**WHEREAS,** Defendant has denied and does deny each and every allegation alleged by Plaintiff against Defendant; and

**WHEREAS**, the Parties desire to resolve fully and finally their dispute under the FLSA in an amicable manner without the difficulties and expenses involved in further litigation, and further, the parties wish to set forth their complete agreement; and

**WHEREAS**, the Parties have entered into a separate Settlement Agreement and Waiver and Release of Claims with respect to the remaining claims in the Lawsuit (hereinafter referred to as "General Release").

**NOW, THEREFORE**, the Parties for good and sufficient consideration agree as follows:

1.      The Parties adopt and incorporate the terms of the above WHEREAS recitals as if fully set forth herein as substantive terms of the Parties' Agreement.

2.      In addition to the other forms of consideration provided by Defendant to Plaintiff in this Agreement, which consideration is acknowledged by Plaintiff, Defendant acknowledges and agrees that it shall pay Plaintiff the sum total of Nine Thousand Nine Hundred Dollars and Zero Cents ($9,900.00) in full and final settlement and resolution of any wage claims which Plaintiff had, has, or may have against Defendant as of the date of the execution of this Agreement, including, but not limited to, claims under the Fair Labor Standards Act, The Florida Minimum Wage Act, and Article X, Section 24 of the Florida Constitution.  This amount shall be paid as follows:

(a) One check made payable to Brandon Hall in the amount of Four Thousand Nine Hundred Fifty Dollars and Zero Cents ($4,950.00) less legally required deductions based on

Plaintiff's initials __BH__          Defendant's initials __Paul Bates__

DocuSigned by:
Paul Bates
5DA606A19C7F4A4...

1

DocuSign Envelope ID: 93F3CAEF-76EB-4BAB-A6BE-69C67586A1BE

Plaintiff's W-4 on file with Defendant, representing alleged wages, for which an IRS W-2 Form will issue to Brandon Hall,

(b) One check made payable to Brandon Hall in the amount of Four Thousand Nine Hundred Fifty Dollars and Zero Cents ($4,950.00), representing alleged liquidated damages, from which no deductions shall be made, for which an IRS 1099 Form will issue to Brandon Hall, and

(c) One check made payable to Remer & Georges-Pierre, PLLC, in the amount of Four Thousand Two Hundred Fifty Dollars and Zero Cents ($4,250.00) representing $3,750.00 in attorney's fees and $500.00 in costs, for which an IRS 1099 Form will issue to both Remer & Georges-Pierre, PLLC, and Brandon Hall.

In exchange for the foregoing, and in addition to the other forms of consideration provided by Defendant to Plaintiff in this Agreement, which consideration is acknowledged by Plaintiff, Plaintiff agrees to enter into a joint motion with Defendant in the Lawsuit in order to have this Agreement approved (hereinafter referred to as "Joint Motion"), and enter into a Stipulation of Dismissal with Prejudice of the Lawsuit with Defendant to be filed by the Parties with the Court within five (5) days of the Court's approval of this Agreement or the first payment pursuant to the Parties' General Release, whichever is later.

3.     As an additional inducement for Defendant to make the foregoing payment referenced herein, Plaintiff hereby agrees to release, acquit, and forever discharges Park Plus Florida, Inc., Park Plus, LLC, and/or any of Defendant's current and former owners, stockholders, predecessors, agents, directors, officers, employees, representatives, attorneys, divisions, insurers, affiliates, parent companies, sister companies, subsidiaries, related companies, successors, assigns, representatives, heirs, executors, administrators, and relatives, and all persons acting by, through, under, or in concert with any of them, whether in their individual or official capacities (hereinafter referred to as "Releasees") from any and all wage claims and demands which Plaintiff may now have, own, or hold, or claim to have own, or hold, or which Plaintiff at any time heretofore had, owned, or held, or claimed to have had, owned, or held, or which Plaintiff at any time may have, own, or hold, or claim to have, own, or hold against Defendant and/or any of the other Releasees, from the beginning of time up to the date Plaintiff signs this Agreement, including, but not limited to, claims under the FLSA, the Florida Minimum Wage Act, and Article X, Section 24 of the Florida Constitution.

4.     The Parties acknowledge that the attorney's fees and costs to be paid to Remer & Georges-Pierre, PLLC were negotiated separate and apart from the amounts to be paid to Plaintiff.

5.     Plaintiff agrees and acknowledges that the Nine Thousand Nine Hundred Dollars and Zero Cents ($9,900.00) to be made payable to Plaintiff, as well as the other forms of consideration provided by Defendant to Plaintiff in this Agreement, which consideration is acknowledged by Plaintiff, is/are more than anything to which Plaintiff is otherwise entitled and, therefore, serve(s) as sufficient consideration for the promises made by Plaintiff herein.  Plaintiff in fact acknowledges that

Plaintiff's initials BH          Defendant's initials *Paul Bates*
DocuSigned by: 5DA606A19C7F4A4...

2

DocuSign Envelope ID: 93F3CAEF-76EB-4BAB-A6BE-69C67586A1BE

the Nine Thousand Nine Hundred Dollars and Zero Cents ($9,900.00) represents the amount of overtime Plaintiff alleges entitlement to under the FLSA, liquidated.

6.    Plaintiff acknowledges that he has otherwise received all the compensation to which he is entitled from Defendant for work performed for Defendant.

7.    Defendant and Plaintiff agree that Defendant shall make payment of the amounts referenced in Section 2 above within fifteen (15) days of the last of the following events: a) Defendant's receipt of this executed and initialed Agreement by Plaintiff, b) Plaintiff and his counsel providing completed and signed W-9 forms to defense counsel, and c) the Court in the Lawsuit approving the instant Agreement. Plaintiff acknowledges that payment of the amounts set forth in Section 2 above is contingent on each of the foregoing events actually occurring. All payments shall be sent to Plaintiff's attorney, Peter M. Hoogerwoerd, Esq., Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Florida 33130. The Parties agree that neither Plaintiff nor Remer & Georges-Pierre, PLLC shall disburse, negotiate, or deposit the sums to be paid by Defendant until such time as the Lawsuit is dismissed in its entirety with prejudice.

8.    Plaintiff acknowledges that Defendant makes no warranty concerning the tax treatment of any sums paid hereunder and that Plaintiff has not relied upon any such warranty. Plaintiff agrees that he has had the opportunity to consult with a professional tax advisor, if he so chose, regarding the tax treatment of the amounts set forth under Section 2 of this Agreement. Plaintiff agrees that he will be ultimately responsible for any income tax or other tax liability, which may be imposed on any amounts paid pursuant to Section 2 of this Agreement. Plaintiff also agrees to indemnify Defendant and each of the other Releasees against and hold Defendant and each of the other Releasees harmless from any and all liability, fines, penalties, attorney's fees, costs, and/or interest, incurred by Defendant and/or any of the other Releasees as a result of any failure to withhold any taxes imposed by any federal, state or local taxing authority from the amounts paid pursuant to Section 2 of this Agreement. However, nothing herein shall cause Plaintiff to indemnify Defendant or any of the other Releasees, or hold Defendant or any of the other Releasees harmless from, any liability, fines, penalties, fees, costs, or interest with respect to the payment referenced in subsection 2(a) above as long as the W-4 provided by Plaintiff and on file with Defendant, and upon which Defendant has relied in making the deductions from the payment referenced in subsection 2(a) above, is accurate and correct for purposes of payment pursuant to this Agreement.

9.    Neither this Agreement nor anything contained herein shall be construed as an admission by Defendant and/or any of the Releasees of any liability, including, but not limited to, any alleged violation of federal, state or local law; any alleged violation of a common law cause of action; any alleged breach of contract; or any other allegedly unlawful conduct whatsoever.

10.    Plaintiff confirms that he has been advised by Defendant to consult with an attorney of his choice regarding the terms of this Agreement and that he has done that. Plaintiff warrants that he has consulted with Remer & Georges-Pierre, PLLC, who has represented Plaintiff during the course of the Lawsuit, negotiated the terms of this Agreement on Plaintiff's behalf, advised Plaintiff concerning his lawful remedies, and advised Plaintiff as to the meaning and significance of this

Plaintiff's initials __BH__    Defendant's initials __Paul Bates__
DocuSigned by: Paul Bates
5DA606A19C7F4A4...

3

DocuSign Envelope ID: 93F3CAEF-76EB-4BAB-A6BE-69C67586A1BE

Agreement. Further, Plaintiff confirms that he has carefully read and fully understands the provisions of this Agreement, including the release and waiver of claims of any nature.

11.     The Parties agree and acknowledge that notwithstanding anything to the contrary in this Agreement, their respective promises in this Agreement are contingent upon the mutual execution of this Agreement, the mutual and contemporaneous execution of the General Release, and the Court in the Lawsuit approving this Agreement.

12.     The Parties agree that if a breach of the promises in this Agreement is proven by one of the Parties, the breaching Party agrees to pay the reasonable attorney's fees and expenses and costs incurred by the non-breaching Party as a result of such breach.

13.     The Parties agree that this Agreement is in all respects to be interpreted, enforced and governed under the laws of the State of Florida without regard to its choice of law provisions, as well as the laws of the United States of America. The language of all parts of this Agreement shall in all cases be construed as a whole and according to its fair meaning.

14.     Plaintiff represents and acknowledges that in executing this Agreement he does not rely, and has not relied, upon any representations or statements made by Defendant and/or any of the other Releasees, or any of their agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

15.     The Parties agree that should any part(s), term(s), or provision(s) of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part(s), term(s), or provision(s) shall be deemed not to be part of this Agreement, *provided* that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

16.     The Parties agree that as used in this Agreement, the singular or plural number shall be deemed to include, replace, or supplant the other whenever the context so indicates or requires. The Parties agree that reference to one gender shall be deemed to include, replace, or supplant the other whenever the context so indicates or requires.

17.     The Parties agree that this Agreement is the entire Agreement between them and represents their full and complete understanding with respect to the terms hereof. No prior or contemporaneous oral or written agreements may be offered to alter the terms of this Agreement. This Agreement shall be binding upon the Parties hereto and the Parties' heirs, successors and assigns. This Agreement may not be modified, amended or waived except in writing signed by all Parties.

18.     This Agreement may be executed through the use of separate signature pages in multiple originals and in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same Agreement, binding on all Parties, notwithstanding that all Parties are not signatories to the same counterpart. The Parties agree that a copy of their signatures, even in counterparts, shall have the same force and effect as an original and shall make this Agreement

Plaintiff's initials _BH_____          Defendant's initials _Paul Bates_

binding and enforceable. The Parties agree that the signatories to this Agreement are competent to enter into this Agreement and bind the Parties hereto.

19.    Plaintiff agrees that this Agreement shall be construed as jointly prepared by the Parties so that any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

20.    Plaintiff acknowledges that he has been given sufficient time in which to consider the terms of this Agreement, and that he had not been coerced or pressured into entering into this Agreement.

*[signatures on the following page]*

Date: Jul 6, 2022

Brandon Hall (Jul 6, 2022 21:07 MDT)
Brandon Hall - Signature

Brandon Hall
Brandon Hall - Printed Name

Plaintiff's initials BH

Defendant's initials

DocuSigned by:
Paul Bates
5DA606A19C7F4A4...

**PARK PLUS FLORIDA, INC.**

Date: ___7/8/2022_____

By: _____

*Paul Bates*
5DA606A19C7F4A4...

Signature

Paul Bates
_____

Printed Name

Group President
_____

Title

Signature: _____
Brandon Hall (Jul 7, 2022 14:37 MDT)

Email: hallbrandon10197@gmail.com

Plaintiff's initials BH _____

Defendant's initials_____

*Paul Bates*
5DA606A19C7F4A4...

6

# Hall, Brandon v. Park Plus - FLSA SETTLEMENT AGREEMENT AND WAIVER AND RELEASE OF CLAIMS Signed by BH

Final Audit Report                                                    2022-07-07

| | |
|---|---|
| Created: | 2022-07-07 |
| By: | Peter Hoogerwoerd (pmh@rgpattorneys.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAFQeSX6ZtVihsGWOkJoyLr_mxRt5Oailc |

## "Hall, Brandon v. Park Plus - FLSA SETTLEMENT AGREEMENT AND WAIVER AND RELEASE OF CLAIMS Signed by BH" History

📄 Document created by Peter Hoogerwoerd (pmh@rgpattorneys.com)
2022-07-07 - 7:17:24 PM GMT- IP address: 99.121.4.130

📧 Document emailed to Brandon Hall (hallbrandon10197@gmail.com) for signature
2022-07-07 - 7:17:47 PM GMT

📄 Email viewed by Brandon Hall (hallbrandon10197@gmail.com)
2022-07-07 - 8:37:30 PM GMT- IP address: 66.102.7.6

✍ Document e-signed by Brandon Hall (hallbrandon10197@gmail.com)
Signature Date: 2022-07-07 - 8:37:56 PM GMT - Time Source: server- IP address: 174.215.23.68

✅ Agreement completed.
2022-07-07 - 8:37:56 PM GMT